UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF THE HOLDERS OF DEUTSCHE BANK ALT-A SECURITIES MORTGAGE LOAN TRUST, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR2<br>**Plaintiff** | CIVIL ACTION NO:<br><br>COMPLAINT |
| vs. | RE: 52 Bramhall Street, Portland, ME 04102 |
| SHAWN TAMIR A/K/A SHAI SHAWN TAMIR A/K/A SHAWN S. TAMIR A/K/A S. SHAWN TAMIR<br>**Defendant** | Mortgage:<br>November 7, 2006<br>Book 24573, Page 234 |

NOW COMES the Plaintiff, HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2 ("HSBC"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Shawn Tamir a/k/a Shai Shawn Tamir a/k/a Shawn S. Tamir a/k/a S. Shawn Tamir ("Tamir") as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Mortgage executed under seal currently owned and held by HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, in which the Defendant, Shawn Tamir a/k/a Shai Shawn Tamir a/k/a Shawn S. Tamir a/k/a S. Shawn Tamir, is the mortgagor and the total amount owed as of September 7, 2018, under the terms of the Note is Six Hundred Eighty-Eight Thousand Nine Hundred Two and 76/100 ($688,902.76) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2 is a national association located at 1800 Tysons Boulevard, McLean, Virginia 22102.

5. The Defendant, Shawn Tamir a/k/a Shai Shawn Tamir a/k/a Shawn S. Tamir a/k/a S. Shawn Tamir ("Tamir"), is a resident of Portland, County of Cumberland, and State of Maine.

## FACTS

6. On November 7, 2006, by virtue of a Warranty Deed from Fresh Start Properties, LLC, which is recorded in the Cumberland County Registry of Deeds in **Book 24573, Page**

**232**, the property situated at 52 Bramhall Street, Portland, County of Cumberland, and State of Maine, was conveyed to Tamir, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the warranty deed and legal description is attached hereto and incorporated herein).

7. On November 7, 2006, Tamir executed and delivered to True North Mortgage, a certain Note in the amount of four hundred sixty-five thousand and 00/100 ($465,000.00) dollars ("Tamir Note"). *See* Exhibit B (a true and correct copy of the Tamir Note is attached hereto and incorporated herein).

8. To secure the loan obligation, on November 7, 2006, Tamir executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for True North Mortgage, securing the property located at 52 Bramhall Street, Portland, ME 04102, which is recorded in the Cumberland County Registry of Deeds in **Book 24573**, **Page 234** ("Tamir Mortgage"). *See* Exhibit C (a true and correct copy of the Tamir Mortgage is attached hereto and incorporated herein).

9. The Mortgage was assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, by virtue of an Assignment of Mortgage, dated August 3, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 28878, Page 252** ("BAC Assignment"). *See* Exhibit D (a true and correct copy of the BAC Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, by virtue of an Assignment of Mortgage, dated August 15, 2013, and recorded in the Cumberland County Registry of Deeds in **Book 31038, Page**

**219** ("HSBC Assignment"). *See* Exhibit E (a true and correct copy of the HSBC Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, dated May 31, 2017, by virtue of a Lost Instrument Affidavit recorded in the Cumberland County Registry of Deeds in **Book 34255, Page 201**. *See* Exhibit F (a true and correct copy of the HSBC Lost Instrument Affidavit and True North Assignment of Mortgage is attached hereto and incorporated herein).

12. All of the rights and interests contained in the Mortgage to HSBC were further ratified and confirmed by virtue of a Quitclaim Assignment dated October 4, 2017, and recorded in the Cumberland County Registry of Deeds in **Book 34373, Page 337** ("Quitclaim Assignment"). *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On August 9, 2016, HSBC filed a Motion for Relief from the Automatic Stay ("Motion for Relief"). *In re: Shai Shawn Tamir*, Case No.: 14-20368, ECF No.: 260, August 9, 2016.

14. On October 20, 2016, the Court granted the Motion for Relief. *See* Exhibit H (a true and correct copy of the Agreed Relief Order is attached hereto and incorporated herein).

15. On June 27, 2017, the Court issued a Memorandum of Decision on Plan Confirmation which prohibits the use of cash collateral from the 52 Bramhall Street Property. *See* Exhibit I (a true and correct copy of the Memorandum of Decision is attached hereto and incorporated herein).

16. The Court specifically found that Tamir "'[a]bsolutely and unconditionally' assigned to the lenders – not MERS – all rents and revenues generated by the real estate" and "[w]hile the mortgage foreclosure rights of HSBC flowed through MERS, their rights to rents and profits exist by an independent grant directly from Mr. Tamir." *Id.* ¶5.

17. The Court specifically held that the Debtor may only use rents with the consent of HSBC or by court order. *Id.* ¶10.

18. On June 28, 2017, HSBC demanded the Debtor turn over rents from 52 Bramhall Street.

19. On December 18, 2017, an Order confirming the Plan of Reorganization dated July 27, 2017, was issued, which confirms that all rental income generated by the Property from and after the June 27, 2017, Court Memorandum shall be deposited into a separate bank account for this property only and no rental income is to be used without written consent from HSBC or a court order. *See* Exhibit J (a true and correct copy of the Confirmation Order is attached hereto and incorporated herein).

20. On April 10, 2018, the Court issued a Final Decree that closed Debtor's Chapter 11 case. *See* Exhibit K (a true and correct copy of the Final Decree is attached hereto and incorporated herein).

21. The case was closed and discharge withheld. *See* Exhibit L (a true and correct copy of the docket is attached hereto and incorporated herein).

22. On December 28, 2017, Tamir was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit M (a true and correct copy of the Demand Letter and Certificate of Mailing is attached hereto and incorporated herein).

23. The Demand Letter informed Tamir of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter and was fully compliant with Title 14, Sec. 6111 (if applicable) and the terms and conditions of the Note and Mortgage. *Id.*

24. Tamir failed to cure the default prior to the expiration of the Demand Letter.

25. HSBC is the present holder of the Note pursuant to endorsement and possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

26. HSBC is the lawful holder and owner of the Note and Mortgage. The total debt owed under the Note and Mortgage as of September 7, 2018, under the terms of the Note is Six Hundred Eighty-Eight Thousand Nine Hundred Two and 76/100 ($688,902.76) dollars, which includes unpaid principal in the amount of Four Hundred Sixty-Four Thousand Five Hundred Twenty-One and 88/100 ($464,521.88) dollars; accrued interest in the amount of One Hundred Forty-Three Thousand Five Hundred Thirty-One and 53/100 ($143,531.53) dollars; escrow advances in the amount of Seventy-Four Thousand Eight Hundred Forty-Five and 18/100 ($74,845.18) dollars; advance balance in the amount of Five Thousand, Six Hundred Sixteen and 66/100 ($5,616.66); late fees in the amount of Three Hundred Sixty-Three and 15/100 ($363.15); and interest on advance in the amount of Twenty-Four and 36/100 ($24.36).

27. Upon information and belief, Tamir is presently in possession of the subject property secured by the Mortgage, which consists of four rental units in the city of Portland. *See*

Exhibit N (a true and correct copy of photos from our inspection are attached hereto and incorporated herein).

## COUNT I – FORECLOSURE

28. HSBC repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure respecting a real estate related Mortgage and title located at 52 Bramhall Street, Portland, County of Cumberland, and State of Maine.

30. HSBC is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, HSBC has the right to foreclose upon the subject property.

31. HSBC is the current owner and investor of the aforesaid Mortgage and Note.

32. Tamir presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2010, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

33. Pending the issuance of a discharge from the Bankruptcy Court, the total debt owed under the Note and Mortgage as of September 7, 2018, under the terms of the Note is Six Hundred Eighty-Eight Thousand Nine Hundred Two and 76/100 ($688,902.76) dollars, which includes unpaid principal in the amount of Four Hundred Sixty-Four Thousand Five Hundred Twenty-One and 88/100 ($464,521.88) dollars; accrued interest in the amount of One Hundred Forty-Three Thousand Five Hundred Thirty-One and 53/100 ($143,531.53) dollars; escrow advances in the amount of Seventy-Four Thousand Eight Hundred Forty-Five and 18/100 ($74,845.18) dollars; advance balance in the amount of

Five Thousand, Six Hundred Sixteen and 66/100 ($5,616.66); late fees in the amount of Three Hundred Sixty-Three and 15/100 ($363.15); and interest on advance in the amount of Twenty-Four and 36/100 ($24.36).

34. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. Notice in conformity with 14 M.R.S.A. §6111 and the subject Note and Mortgage was sent to Tamir, on December 28, 2017, evidenced by the Certificate of Mailing. *See* Exhibit M.

36. By virtue of Tamir's breach of condition, HSBC hereby demands a foreclosure on said real estate.

37. Tamir is not in the Military as evidenced by the attached Exhibit O.  *See* Exhibit O (a true and correct copy of the Servicemembers Search is attached hereto and incorporated herein.

<u>COUNT II –APPOINTMENT OF RECEIVER</u>

38. HSBC repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. Under Section H (vi) of the 1-4 Family Rider of the Mortgage, HSBC is entitled to "have a receiver appointed to take possession of and manage the Property." *See* Exhibit C.

40. Appointment of a receiver is necessary to review the financial records for the property, monies held in escrow, rental of unoccupied units, payment of property related expenses, and management of the property to the highest and best use of the rental property.

41. In ordering and directing a receiver to undertake immediate management and control, and eventually allow the sale of the property at the earliest possible time, the Court will

ensure that HSBC's rights are protected and a full and final resolution of this matter be reached.

42. A receiver would be able to maximize the cash flow, and ensure that all current obligations are satisfied before a public foreclosure sale is held.

43. As such, HSBC is entitled to the appointment of a receiver.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, upon the expiration of the period of redemption and foreclosure sale completed;

c) Find that the Defendant, Tamir, is in breach of the Note and Mortgage by failing to make payment due as of August 1, 2010, and all subsequent payments;

d) Find that the Plaintiff, HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2, is entitled to enforce the terms and conditions of the Note and Mortgage subject to the terms of the Defendant's Discharge in Bankruptcy, if any;

e) Find that the Defendant, Tamir, has appreciated and retained the benefit of the subject property despite breach of the Note and Mortgage;

 f)  Determine the amount due on said Note and Mortgage, including principal, interest, reasonable attorney's fees and court costs;

 g)  Appoint a receiver to manage and operate the subject premises pending this litigation;

 h)  For such other and further relief as this Honorable Court deems just and equitable.

               Respectfully Submitted,
               HSBC Bank USA, N.A., as Trustee on behalf of the holders of Deutsche Bank Alt-A Securities Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2007-AR2,
               By its attorneys,

Dated: October 3, 2018

               /s/Reneau J. Longoria
               Reneau J. Longoria, Esq. (Bar No. 5746)
               John Doonan, Esq. (Bar No. 3250)
               Doonan, Graves & Longoria, LLC
               100 Cummings Center, Suite 225D
               Beverly, MA 01915
               (978) 921-2670