# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2019 JAN -4 P 12: 30

_____
DEPUTY CLERK

| | |
|---|---|
| HSBC BANK USA, N.A., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) **ANSWER TO COMPLAINT** |
| | ) |
| SHAWN TAMIR A/K/A SHAI SHAWN | ) |
| TAMIR A/K/A SHAWN S. TAMIR A/K/ | ) |
| A S. SHAWN TAMIR, | ) |
| | |
| Defendant | |

COMES NOW Defendant Shawn Tamir ("Tamir"), and answers the Complaint of HSBC Bank USA, N.A. ("HSBC").

## Jurisdiction and Venue

1. Paragraph 1 of the Complaint contains multiple legal conclusions, to which no response is required.

2. Paragraph 2 of the Complaint contains multiple legal conclusions, to which no response is required.

3. Paragraph 3 of the Complaint contains multiple legal conclusions, to which no response is required.

## Parties

4. Tamir lacks information sufficient to opine on the truth or falsity of the allegations made in ¶ 4 of the Complaint and therefore denies the same.

5. Tamir denies the allegations contained in ¶ 5 of the Complaint.

## Facts

6. Tamir admits the allegations contained in ¶ 6 of the Complaint.

7. Tamir admits the allegations contained in ¶ 7 of the Complaint.

8. Tamir admits executing the Tamir Mortgage (as that term is defined in the Complaint). Answering further, Tamir states that the terms of the same speak for themselves.

9. Tamir lacks information to opine on the truth or falsity of the allegations contained in ¶ 9 of the Complaint and therefore denies the same. Answering further, the Tamir states that the terms of the BAC Assignment (as that term is defined in the Complaint) speak for themselves.

10. Tamir lacks information to opine on the truth or falsity of the allegations contained in ¶ 10 of the Complaint and therefore denies the same. Answering further, the Tamir states that the terms of the HSBC Assignment (as that term is defined in the Complaint) speak for themselves.

11. Tamir denies the allegations contained in ¶ 11 of the Complaint.

12. Tamir denies the allegations contained in ¶ 12 of the Complaint.

13. Tamir admits the allegations contained in ¶ 13 of the Complaint.

14. Tamir admits the allegations contained in ¶ 14 of the Complaint.

15. Tamir admits that in the Memorandum of Decision (As that term is defined in the Complaint) prohibited the use of cash collateral from the 52 Bramhall Street Property (as that term is defined in the Complaint) absent HSBC's consent or Court order.

16. Tamir states that the terms of the Memorandum of Decision speak for themselves.

17. Tamir states that the terms of the Memorandum of Decision speak for themselves.

18. Tamir admits the allegations contained in ¶ 18 of the Complaint.

19. Tamir admits the allegations contained in ¶ 19 of the Complaint.

20. Tamir admits the allegations continued in ¶ 20 of the Complaint.

21. Tamir admits that his bankruptcy case was then closed and that Tamir's discharge was held until he completed the required post-filing education component.

22. Tamir admits that HSBC sent the Demand Letter (as that term is defined in the Complaint) on or about December 28, 2017.

23. Tamir states that the Demand Letter speaks for itself and ¶ 23 of the Complaint contains a legal conclusion to which no response is required.

24. Paragraph 24 of the Complaint contains a legal conclusion to which no response is required.

25. Tamir lacks information to opine on the truth or falsity of the allegation regarding possession of the Note as set forth in ¶ 25 of the Complaint and therefore denies the same. Answering further, Tamir states that ¶ 25 contains a legal conclusion to which no response is required.

26. Paragraph 26 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tamir denies the same.

27. Tamir admits that he is in possession of the 52 Bramhall Street Property; answering further he states that it consists of three rental units in Portland, Maine.

Count I – Foreclosure

28. Tamir restates and realleges his answers to ¶¶ 1-27 of the Complaint as if fully set forth herein.

29. Tamir admits that HSBC is moving for foreclosure in this lawsuit. He denies that HSBC is entitled to that relief.

30. Tamir denies the allegations contained in ¶ 30 of the Complaint.

31. Tamir denies the allegations contained in ¶ 31 of the Complaint.

32. Paragraph 32 of the Complaint contains a legal conclusion, to which no response is required.

33. Tamir denies the allegations contained in ¶ 33 of the Complaint.

34. Tamir lacks information to opine on the truth or falsity of the allegations contained in ¶ 34 of the Complaint and therefore denies the same.

35. Paragraph 35 of the Complaint contains a legal conclusion, to which no response is required.

36. Tamir admits that HSBC is demanding entry of a foreclosure order in this lawsuit. He denies that HSBC is entitled to that relief.

37. Tamir admits the allegations contained in ¶ 37 of the Complaint.

### Count II – Appointment of Receiver

38. Tamir restates and realleges his answers to ¶¶ 1-37 of the Complaint as if fully set forth herein.

39. Tamir states that the language of the 1-4 Family Rider to the Mortgage speaks for itself.

40. Tamir denies the allegations made in ¶ 40 of the Complaint.

41. Tamir denies the allegations made in ¶ 41 of the Complaint.

42. Tamir denies the allegations made in ¶ 42 of the Complaint.

43. Tamir denies the allegations made in ¶ 43 of the Complaint.

## **Affirmative Defenses**

A. The Complaint fails to state a claim upon which relief can be granted.

B. The Complaint is barred by applicable state law, including *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79 and *Bank of America, N.A. v. Scott A. Greenleaf*, 2014 ME 89.

C. The Plaintiff lacks standing to bring this action.

D. The Complaint is barred by the doctrines of waiver and estoppel.

E. The Complaint is barred by the doctrine of unclean hands.

WHEREFORE, Tamir requests that the Court enter an order, denying the relief requested in the Complaint and granting such other relief as the Court deems just and appropriate.

Dated: January 3, 2019
/s/ Shai Shawn Tamir
Shai Shawn Tamir
1 Crescent View
Cape Elizabeth, ME 04107
Tel: 561-465-6084
Defendant

## CERTIFICATE OF SERVICE

I, Shai Shawn Tamir, hereby certify that I am over eighteen years old and caused a true and correct copy of the above *Answer to Complaint* to be served on Plaintiff's counsel as indicated below by first class U.S. Mail, postage prepaid, on the 3rd day of January, 2019.

/s/ Shai Shawn Tamir
Shai Shawn Tamir
1 Crescent View
Cape Elizabeth, ME 04107
Tel: 561-465-6084

Reneau J. Longoria, Esq.
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
*Counsel to Plaintiff*