UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HSBC BANK USA NA, | ) |
|    *Plaintiff* | ) ) ) |
| v. | ) ) |
| SHAWN TAMIR, | ) **Docket No. 2:18-cv-00410-NT** ) |
|    *Defendant* | ) ) ) |
| and | ) ) |
| PINE TREE WASTE, INC., | ) ) |
|    *Party-In-Interest* | ) ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant Shawn Tamir ("Tamir"), by and through his undersigned counsel, and answers the Amended Complaint of HSBC Bank USA, N.A. ("HSBC") as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Amended Complaint contains multiple legal conclusions, to which no response is required.

2. Paragraph 2 of the Amended Complaint contains multiple legal conclusions, to which no response is required.

3. Paragraph 3 of the Amended Complaint contains multiple legal conclusions, to which no response is required.

### PARTIES

4. Tamir lacks information sufficient to opine on the truth or falsity of the allegations made in ¶ 4 of the Amended Complaint and therefore denies the same.

5. Tamir denies the allegations contained in ¶ 5 of the Amended Complaint.

6. Tamir lacks information sufficient to opine on the truth or falsity of the allegations made in ¶ 6 of the Amended Complaint and therefore denies the same.

## FACTS

7. Tamir admits the allegations contained in ¶ 7 of the Amended Complaint.

8. Tamir admits the allegations contained in ¶ 8 of the Amended Complaint.

9. Tamir admits executing the Tamir Mortgage (as that term is defined in the Amended Complaint). Answering further, Tamir states that the terms of the same speak for themselves.

10. Tamir lacks information to opine on the truth or falsity of the allegations contained in ¶ 10 of the Amended Complaint and therefore denies the same. Answering further, Tamir states that the terms of the BAC Assignment (as that term is defined in the Amended Complaint) speak for themselves.

11. Tamir lacks information to opine on the truth or falsity of the allegations contained in ¶ 11 of the Amended Complaint and therefore denies the same. Answering further, Tamir states that the terms of the HSBC Assignment (as that term is defined in the Amended Complaint) speak for themselves.

12. Tamir denies the allegations contained in ¶ 12 of the Amended Complaint.

13. Tamir denies the allegations contained in ¶ 13 of the Amended Complaint.

14. Tamir admits the allegations contained in ¶ 14 of the Amended Complaint.

15. Tamir admits the allegations contained in ¶ 15 of the Amended Complaint.

16. Tamir admits that in the Memorandum of Decision (as that term is defined in the Amended Complaint), the court prohibited the use of cash collateral from the 52

Bramhall Street Property (as that term is defined in the Amended Complaint) absent HSBC's consent or Court order.

17. Tamir states that the terms of the Memorandum of Decision speak for themselves.

18. Tamir states that the terms of the Memorandum of Decision speak for themselves.

19. Tamir admits the allegations contained in ¶ 19 of the Amended Complaint.

20. In response to ¶ 20 of the Amended Complaint, Tamir admits that the Order was issued and states that the Order speaks for itself.

21. Tamir admits the allegations contained in ¶ 21 of the Amended Complaint.

22. Tamir admits that his bankruptcy case was then closed and that Tamir's discharge was held until he completed the required post-filing education component.

23. Tamir admits that HSBC sent the Demand Letter (as that terms is defined in the Amended Complaint) on or about December 28, 2017.

24. Tamir states that the Demand Letter speaks for itself and that ¶ 24 of the Amended Complaint contains a legal conclusion to which no response is required.

25. Paragraph 25 of the Amended Complaint contains a legal conclusion to which no response is required.

26. Tamir lacks information to opine on the truth or falsity of the allegation regarding possession of the Note as set forth in ¶ 26 of the Amended Complaint and therefore denies the same. Answering further, Tamir states that ¶ 26 contains a legal conclusion to which no response is required.

27. Tamir lacks information to opine on the truth or falsity of the allegations contained in ¶ 27 of the Amended Complaint and therefore denies the same.

28. Paragraph 28 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tamir denies the same.

29. Tamir admits that he is in possession of the 52 Bramhall Street Property; answering further, he states that it consists of three rental units in Portland, Maine.

## COUNT I - FORECLOSURE

30. Tamir restates and realleges his answers to ¶¶ 1-29 of the Amended Complaint as if fully set forth herein.

31. Tamir admits that HSBC is moving for foreclosure in this lawsuit.  He denies that HSBC is entitled to that relief.

32. Tamir denies the allegations contained in ¶ 32 of the Amended Complaint.

33. Tamir denies the allegations contained in ¶ 33 of the Amended Complaint.

34. Paragraph 34 of the Amended Complaint contains a legal conclusion, to which no response is required.

35. Tamir denies the allegations contained in ¶ 35 of the Amended Complaint.

36. Tamir lacks information to opine on the truth or falsity of the allegations contained in ¶ 36 of the Amended Complaint and therefore denies the same.

37. Paragraph 37 of the Amended Complaint contains a legal conclusion, to which no response is required.

38. Tamir admits that HSBC is demanding entry of a foreclosure order in this lawsuit.  He denies that HSBC is entitled to that relief.

39. Tamir admits the allegations contained in ¶ 39 of the Amended Complaint.

## COUNT II – APPOINTMENT OF RECEIVER

40. Tamir restates and realleges his answers to ¶¶ 1-39 of the Amended Complaint as if fully set forth herein.

41. Tamir states that the language of the 1-4 Family Rider to the Mortgage speaks for itself.

42. Tamir denies the allegations made in ¶ 42 of the Amended Complaint.

43. Tamir denies the allegations made in ¶ 43 of the Amended Complaint.

44. Tamir denies the allegations made in ¶ 44 of the Amended Complaint.

45. Tamir denies the allegations made in ¶ 45 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

A.  The Amended Complaint fails to state a claim upon which relief can be granted.

B.  The Amended Complaint is barred by applicable state law, including *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79 and *Bank of America, N.A. v. Scott A. Greenleaf*, 2014 ME 89.

C.  The Plaintiff lacks standing to bring this action.

D.  The Amended Complaint is barred by the doctrines of waiver and estoppel.

E.  The Amended Complaint is barred by the doctrine of unclean hands.

F.  Tamir reserves the right to raise additional defenses as may be supported by the evidence.

WHEREFORE, Tamir requests that the Court enter an order, denying the relief requested in the Amended Complaint and granting such other relief as the Court deems just and appropriate.

DATED at Portland, Maine this 19th day of February, 2019.

                                                    /s/ Marshall J. Tinkle
                                              Marshall J. Tinkle
                                              Counsel for Defendant

THOMPSON, MACCOLL & BASS, LLC, P.A.   Shawn Tamir
PO Box 447
Portland ME  04112
(207) 774-7600

## **CERTIFICATE OF SERVICE**

  I, Marshall J. Tinkle, do hereby certify that on February 19, 2019, I made due service of the above document by electronically filing the same using the Court's EM/ECF system.

              /s/ Marshall J. Tinkle
              Marshall J. Tinkle, Esq.
              Attorney for Defendant
              Shawn Tamir